# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

DONNELL L. HILL                                                    PLAINTIFF

V.                                                    NO. 4:14-CV-00097-DMB-SAA

PAM ROBERTSON; V. HAGG; and G.
YOUNG                                                             DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court, sua sponte, for consideration of dismissal. Plaintiff

Donnell L. Hill, an inmate housed at the Mississippi State Penitentiary, has filed a civil rights

suit pursuant to 42 U.S.C. § 1983 against prison employees Pam Robertson, V. Hagg, and G.

Young. Having fully considered Plaintiff's allegations and the applicable law, the Court finds

that the instant complaint should be dismissed as frivolous.

## I.
### Screening Standards

Because the plaintiff has been permitted to proceed in forma pauperis in this action, his

complaint is subject to sua sponte dismissal under the Prison Litigation Reform Act ("PLRA").

*See* 28 § U.S.C. 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to

preliminary screening regardless of in forma pauperis status). Pursuant to the PLRA, the Court

is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to

state a claim upon which relief may be granted," or if it "seeks monetary relief against a

defendant who is immune from such relief." § 1915(e)(2). A claim is frivolous if it "lacks an

arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A

complaint fails to state a claim upon which relief may be granted if relief could not be granted to

the plaintiff "under any set of facts that could be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

## II.
## Discussion

This lawsuit involves the plaintiff's allegation that the defendants have denied him a sensitive placement work assignment, despite the fact that he meets the institutional policy and procedure criteria for sensitive job placement. He asks the Court to require the defendants to approve him for a sensitive placement assignment. Accepting the plaintiff's allegations as true, the Court nonetheless determines that the instant complaint must be dismissed, as the plaintiff fails to raise a constitutional issue.

In order to state a claim under § 1983, a plaintiff must allege that he was deprived of a right under the Constitution or the laws of the United States by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Giving the plaintiff's claim liberal construction, it appears he is claiming that the defendants' failure to place him in a job for which he is eligible violates due process.

An inmate's interests protected by the Due Process Clause "are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Inmates have no constitutionally protected interest in a particular job. *See Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) ("A prisoner has no constitutionally protected interest in a ... specific work assignment."); *see also Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995); *Jackson v.*

*Cain*, 864 F.2d 1235, 1248 n.3 and 1252 (5th Cir. 1989).  Therefore, the plaintiff's allegations have no merit and must be dismissed as frivolous.

### III.
### Conclusion

Plaintiff's allegations fail to assert a cognizable constitutional violation, and this action is **DISMISSED WITH PREJUDICE** as frivolous.  28 U.S.C. § 1915(e)(2)(B)(i).  This dismissal counts as a "strike" under 28 U.S.C. § 1915(g).  Plaintiff is cautioned that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while incarcerated unless he is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g). A final judgment in accordance with this opinion and order will be entered today.

**SO ORDERED**, this, the 17th day of July, 2014.

**/s/ Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**